**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**COLIE L. LONG-EL,**

**Petitioner,**

**v.**

**MAYOR ADRIAN FENTY,** *et al.,*

**Respondents.**

**Civil Action No.  08-1334  (JDB)**

## MEMORANDUM OPINION

For the reasons discussed below, the Court will grant respondents' motions and will

dismiss this action.

### I.  BACKGROUND

Criminal proceedings against petitioner in the Superior Court of the District of Columbia

have been summarized as follows:

> Colie L. Long was indicted initially on charges of first-degree
> premeditated murder while armed, assault with a dangerous weapon,
> possession of a firearm during a crime of violence, and carrying a
> pistol without a license (CPWL).  The jury in his first trial found him
> guilty of CPWL but could not reach a unanimous verdict on the other
> charges, as to which a mistrial was declared.  The grand jury
> thereafter returned a superseding indictment, adding a count of
> conspiracy to commit murder to the three remaining charges from the
> original indictment.  After a second trial, Long was convicted on all
> four counts.  His subsequent motion to vacate his convictions
> pursuant to D.C. Code § 23-110 (2001) on grounds of ineffective
> assistance of trial counsel was denied.

*Long v. United States*, 910 A.2d 298, 301 (D.C. 2006).  Although the District of Columbia Court

of Appeals rejected his "claims on direct appeal that he was denied his Sixth Amendment right to

a speedy trial and deprived of a fair trial on the superseding indictment by the prosecutor's improper appeal to the jury in her rebuttal closing argument," it found that "the trial court abused its discretion by denying [petitioner's] § 23-110 motion without a hearing." *Id.*

In this action, petitioner purports to avail himself of procedures and remedies under the Uniform Commercial Code both to obtain a "settlement and accounting" of his criminal case (Case No. F-2346-96) and to secure his release from custody. *See* Pet. & Ex. 1-7.  It appears that petitioner filed a petition for a writ of habeas corpus in the Superior Court of the District of Columbia, and that the presiding judge, The Hon. Kaye Christian, has not granted the relief he requested. *See id.* at 4-5.  He now demands that this Court "dismiss and [strike] from all public records the Case No. F2346-96," and issue "an order of release for [petitioner], release the flesh and blood body of the Living Principle (Colie Levar Long-EL), from the custody of the Attorney General of the United States." *Id.*  In addition, he demands that this Court "appoint the appropriate public official to be an arbitrator in this matter, and render a Summary Judgment issuing a mandate, ordering the Superior Court and the public official Judge Kaye K. Christian to restore [petitioner's] God given/Sovereign rights to exist as a free man." *Id.* at 6.

II.  DISCUSSION

Petitioner brings this mandamus action against The Hon. Kaye K. Christian, an Associate Judge of the Superior Court of the District of Columbia.[1]

Mandamus is a drastic remedy to be invoked only in extraordinary situations and  granted

---

[1]      The Court will grant petitioner's "Motion to Remove Defendants from Civil Action" [Dkt. #15], and will dismiss as respondents Adrian Fenty and Peter Nickles, respectively the Mayor and Attorney General of the District of Columbia, and Simon T. Wainwright, Warden of the Central Detention Facility.

only when essential to the interests of justice.  *See Chatman-Bey v. Thornburgh*, 864 F.2d 804,

806 n.2 (D.C. Cir. 1988); *Starnes v. McGuire*, 512 F.2d 918, 929 (D.C. Cir. 1974).  Mandamus is

proper only if "(1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act;

and (3) there is no other adequate remedy available to plaintiff."  *Council of and for the Blind of*

*Delaware County Valley v. Regan*, 709 F.2d 1521, 1533 (D.C. Cir. 1983) (en banc); *see Northern*

*States Power Co. v. United States Dep't  of Energy*, 128 F.3d 754, 758 (D.C. Cir. 1997).  The

party seeking mandamus has the "burden of showing that [his] right to issuance of the writ is

'clear and indisputable.'"  *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 289

(1988) (citing *Bankers Life & Cas. Co. v. Holland*, 346 U.S. 379, 384 (1953)).  In this case,

petitioner meets none of these requirements.

Petitioner neither establishes his clear right to relief nor Judge Christian's clear duty to

act.  The petition sets forth no argument that his custody is unlawful or that Judge Christian is

obligated to order his release.  Moreover, because a prisoner may challenge the fact or duration

of his physical confinement by way of a petition for writ of habeas corpus, *see Chatman-Bey v.*

*Thornburgh*, 864 F.2d at 809 (citing *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973)), petitioner

cannot show that he has no other adequate remedy available to him.  Even if petitioner

unsuccessfully had mounted a collateral attack on his conviction and sentence under D.C. Code §

23-110, that remedy is neither inadequate nor ineffective because the presiding judge ruled

against him.  *See Wilson v. Office of the Chairperson*, 892 F. Supp. 277, 280 (D.D.C. 1995).

There are two other bases on which the Court rests its decision.  First, this Court is

without jurisdiction to grant the mandamus relief petitioner requests.  Federal courts cannot

review the decisions of the District of Columbia courts.  *See In re Taylor*, No. 04-7070, 2004 WL

2009373, at *1 (D.C. Cir. Sept. 9, 2004) (per curiam) (denying petition for writ of mandamus "because this court has no authority over the Superior Court of the District of Columbia"); *In re Carter*, No. 92-8033, 1992 WL 381041, at *1 (D.C. Cir. Dec. 2, 1992) (per curiam) (denying mandamus petition on the ground that the D.C. Circuit "has no authority to issue a writ of mandamus directed to the Superior Court of the District of Columbia").  A challenge to an order or judgment of the Superior Court goes before the District of Columbia Court of Appeals, *see* D.C. Code § 11-721(a), and this Court "is without authority to review final determinations of the District of Columbia Court of Appeals in judicial proceedings."  *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983).

Second, insofar as petitioner demands a monetary settlement or damages or injunctive relief under 42 U.S.C. § 1983, his claims are barred because Judge Christian enjoys absolute immunity from suit arising from acts committed within her judicial jurisdiction.  *See, e.g., Mirales v. Waco*, 502 U.S. 9 (1991) (per curiam) ("A long line of this Court's precedents acknowledges that, generally, a judge is immune from suit for money damages"); *Roth v. King*, 449 F.3d 1272, 1286-87 (D.C. Cir. 2006) (holding Superior Court judges immune from suit for injunctive relief under § 1983 where judges were sued based on their decisions regarding appointment of attorneys under the Criminal Justice Act to handle juvenile delinquency cases), *cert. denied sub nom. Sitomer v. King*, __ U.S. __, 127 S.Ct. 1357 (2007).  Petitioner finds fault with the rulings or decisions made in his criminal case and post-conviction proceedings, and these acts necessarily were undertaken by Judge Christian in her capacity as a Superior Court judge.

### III.  CONCLUSION

For the reasons stated above, the Court denies the petition for a writ of mandamus and dismisses this action.  An Order is issued separately.


_____/s/_____
JOHN D. BATES
United States District Judge

DATE:  January 5, 2009